ORIGINAL

# In the United States Court of Federal Claims

No. 17-541C

(Filed: July 31, 2017)

```
*******************************
                              *
BART N. VELARDE,              *
                              *
                  Plaintiff,  *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
                  Defendant.  *
                              *
*******************************
```

FILED
JUL 3 1 2017
U.S. COURT OF FEDERAL CLAIMS

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Mr. Velarde's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On June 9, 2017, the Government filed a motion to dismiss Mr. Velarde's complaint. Dkt. No. 5. Mr. Velarde failed to respond to the Government's motion by the Court's July 10, 2017 deadline. On July 17, 2017, the Court issued an order directing Mr. Velarde to respond to the Government's motion by July 26, 2017, including a statement explaining why the Court should not dismiss Mr. Velarde's complaint for failure to prosecute. Dkt. No. 6. In its order, the Court warned Mr. Velarde that failure to comply with the Court's order would result in dismissal of his complaint. Id. Mr. Velarde did not file a response on or before July 17, 2017.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Velarde failed to respond to the Government's motion to dismiss and to the

7016 3010 0000 4308 3655

Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge