

# In the United States Court of Federal Claims

No. 17-541C

(Filed: September 14, 2017)

**FILED**

**SEP 1 4 2017**

**U.S. COURT OF FEDERAL CLAIMS**

```
*******************************
                              *
BART N. VELARDE,              *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
                              *
*******************************
```

## OPINION AND ORDER

Bart N. Velarde, a *pro se* plaintiff, alleges that the United States has committed violations of law as a result of its conduct in the Philippines throughout its history. The Government has filed a motion to dismiss for lack of subject matter jurisdiction. For reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Velarde's claims.

## Background

Mr. Velarde is a U.S. citizen and a resident of the State of Michigan. Compl. at 2. He alleges that the United States has committed three violations of law resulting from its involvement in the Philippine Revolutionary War, the Spanish-American War and the American-Filipino War: "[m]urder, [g]enocide [and] [c]rimes [a]gainst [h]umanity." Id. at 3. Mr. Velarde further alleges that the United States is responsible for the deaths of 2.5 million innocent Filipino men, women and children through the use of armed forces and that from 1899 to the present, the United States has covered up and perpetuated these alleged violations by adopting a policy of "neocolonialism." Id. at 4-5, 9.

On April 17, 2017, Mr. Velarde filed a complaint before this Court against current U.S. President Donald J. Trump, seeking $1 million in compensatory damages and $10 million in punitive damages from the Government for the alleged violations described above. Id. at 11. The Government filed a Rule 12(b)(1) motion to dismiss on June 9, 2017.

7017 1450 0000 1346 4162

Gov.'s Mot. at 1. The parties completed briefing on the motion to dismiss on August 28, 2017 and the Court has deemed oral argument unnecessary.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Mr. Velarde's claims do not survive the 12(b)(1) motion to dismiss.

This Court only has jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."). Mr. Velarde has not named any federal agency or the United States as a defendant; rather, he has named the current President of the United States, Donald J. Trump, as the sole defendant. Therefore, this Court does not have jurisdiction over Mr. Velarde's claims.

Additionally, Mr. Velarde fails to identify any separate source of substantive law creating a right to monetary damages. In his complaint, the only source of law Mr. Velarde

refers to is Article II, Section 4 of the U.S. Constitution, which states, "The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." U.S. Const. art. II, § 4. However, this Court does not have jurisdiction over invocations of Article II, Section 4 of the Constitution because monetary damages are not available under this provision. Delmore v. United States, No. 11-556C, 2011 WL 5120484, at *1 (Fed. Cl. Oct. 30, 2011). Further, in his response to the Government's motion to dismiss, Mr. Velarde points to "the new [e]conomic definition of Modern Politics" to establish this Court's jurisdiction over his claims. Pl.'s Resp. at 6. However, this is not a valid source of substantive law creating a right to monetary damages. Therefore, this Court does not have jurisdiction over Mr. Velarde's claims.

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge